## Wasserott v. PennDOT

*Frank W. Nocito,* for plaintiffs.
*John V. Rovinsky,* for defendant.

MUNDY, *J.,* February 24, 1991—This matter comes before the court on the motion of the captioned plaintiffs for the imposition of delay compensation and/or interest under the Eminent Domain Code, and also for partial payment of attorney fees and appraisal costs.

On September 5, 1991, the captioned plaintiffs were awarded damages in a condemnation action after a three-day trial involving their respective real property situate on Route 309 in Courtdale Borough, Luzerne County, Pennsylvania. The plaintiff, Wasserott, was awarded $82,500, and the plaintiff, Guyette, was awarded $86,250.

On September 16, 1991, the plaintiffs filed a timely motion for delay compensation and/or the imposition of interest under the Eminent Domain Code, and also for the imposition of attorney fees and appraisal costs.

The Commonwealth has answered and argued its opposition to the motion.

Initially, the parties agreed that the injury to the plaintiffs occurred on October 21, 1980. The parties also agreed, by their argument, that the issue is to be determined by the Eminent Domain Code, section 611, 26 Pa.C.S. §1-611, as the same was subsequently interpreted by the Pennsylvania Supreme Court in the case of *Hughes v. PennDOT,* 514 Pa. 300, 523 A.2d 747 (1987).

The Code provision at issue is set forth as follows:

"§1-611. *Delay Compensation*

"The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six percent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation: Provided, however, that no compensation for delay shall be payable with respect to funds paid on account, or by deposit in court, after the date of such payment or deposit. Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto. There shall be no further or additional payment of interest on the award or verdict."

In *Hughes, supra,* the court scrutinized two of the essential provisions of the Code section: first, that compensation was payable only for the period that the condemnee is out of possession; and that the compensation for delay in payment shall be paid at the rate of 6 percent per annum from relinquishment of possession.

On the first issue the *Hughes* court held that because the condemnation deprives of the normal uses of the land, as established by the use to which his property was devoted prior to the declaration, the landowner is not in possession under §611 and may, therefore, claim delay damages from the date of the declaration of taking.

If we are to translate this holding to the instant matter, we find that the taking occurred on the stipulated date of injury and from that date, the plaintiffs were deprived of the full and normal use of their property. Therefore, compensation for delay under §611 must accrue from the date of the declaration of taking, October 21, 1980.

The remaining question then is that of the interest computation for the delay damages. The Code specifically provides for an interest rate at 6 percent per annum at the date the condemnee was out of possession. However, in *Hughes, supra,* the Supreme Court refuted the mandatory application of the Code provision. The Supreme Court, in effect, opened the door for the trial court to determine whether the Code interest rate provides just compensation to the condemnee.

In *Hughes,* the Supreme Court upheld the trial court's determination that landowners were entitled to delay

compensation at commercial loan rate of interest prevailing during the detention period in question.

In *Hughes,* as in the present matter the subject properties were held for commercial purposes. The present record indicates that the deprivation by the Commonwealth was a deprivation of commercial investment.

The claimants held a viable business premises on the roadway, and that access to the same was severely altered. Thus, to impose 6 percent interest compensation which is derivative of the most conservative of investment mechanisms, would be adverse to the potential return on this particular parcel of commercial real property over the ten years and would effect a fundamental unfairness on the condemnee. Therefore, as in *Hughes,* the court will disregard the Code provision for delay compensation and will, in turn, impose an alternate compensation rate derivative of the commercial loan interest rates.

In this respect, the plaintiffs have suggested that the court utilize the interest computation rate as is set forth in our Rules of Civil Procedure relating to delay damages. The addendum to Pa.R.C.P. 238 as set forth below and is accepted as the manner and mechanism for delay interest computation in the present matter:

"The prime rate as set forth in the first edition of the *Wall Street Journal* for a particular year is the basis for calculating damages for delay under Pa.R.C.P. 238 as revised November 7, 1988. The prime rate published in the first edition of the *Wall Street Journal* for each of the years specified is as follows:

| *Date of Publication* | *Prime Rate* |
|---|---|
| January 2, 1980 | 15% to 15-1/2% |
| January 2, 1981 | 20-1/2% to 21-1/2% |
| January 4, 1982 | 15-3/4% |
| January 2, 1983 | 11% to 11-1/2% |
| January 3, 1984 | 11% |
| January 2, 1985 | 10-3/4% |
| January 2, 1986 | 9-1/2% |
| January 2, 1987 | 7-1/2% |
| January 4, 1988 | 8-3/4% |
| January 3, 1989 | 10-1/2% |
| January 2, 1990 | 10-1/2% |
| January 2, 1991 | 9-1/2% to 10% |

The court accepts this method of calculation and enters an order granting the plaintiffs delay damages based upon the following:

*Plaintiff, Paul D. Wasserott Jr.—*

| | | |
|---|---|---|
| October 21, 1980—January 2, 1981 (15%) | = | $ 2,440.80 |
| January 3, 1981—January 4, 1982 (20.5%) | = | 16,912.50 |
| January 5, 1982—January 2, 1983 (15.75%) | = | 12,993.75 |
| January 3, 1983—January 3, 1984 (11%) | = | 9,075.00 |
| January 4, 1984—January 2, 1985 (11%) | = | 9,075.00 |
| January 3, 1985—January 2, 1986 (10.75%) | = | 8,868.75 |
| January 3, 1986—January 2, 1987 (9.5%) | = | 7,837.50 |
| January 3, 1987—January 4, 1988 (7.5%) | = | 6,187.50 |
| January 5, 1988—January 3, 1989 (8.75%) | = | 7,218.75 |
| January 4, 1989—January 2, 1990 (10.5%) | = | 8,662.50 |
| January 3, 1990—January 2, 1991 (10.5%) | = | 8,662.50 |
| January 3, 1991—September 5, 1991 (9.5%) | = | 5,367.50 |
| | Total | $103,302.05 |

*Plaintiffs, William L. Guyette and
Ruth A. Guyette, his wife—*

| | | | |
|---|---|---|---|
| October 21, 1980—January 2, 1981 (15%) | = | $ | 2,516.15 |
| January 3, 1981—January 4, 1982 (20.5%) | = | | 17,681.25 |
| January 5, 1982—January 2, 1983 (15.75%) | = | | 13,584.37 |
| January 3, 1983—January 3, 1984 (11%) | = | | 9,487.50 |
| January 4, 1984—January 2, 1985 (11%) | = | | 9,487.50 |
| January 3, 1985—January 2, 1986 (10.75%) | = | | 9,271.87 |
| January 3, 1986—January 2, 1987 (9.5%) | = | | 8,193.75 |
| January 3, 1987—January 4, 1988 (7.5%) | = | | 6,468.75 |
| January 5, 1988—January 3, 1989 (8.75%) | = | | 7,546.87 |
| January 4, 1989—January 2, 1990 (10.5%) | = | | 9,056.25 |
| January 3, 1990—January 2, 1991 (10.5%) | = | | 9,056.25 |
| January 3, 1991—September 5, 1991 (9.5%) | = | | 5,612.15 |

Total  $107,962.66

## ORDER

It is hereby ordered, adjudged and decreed that the captioned plaintiffs are awarded delay damages as follows:

(1) The sum of $103,302.05 shall be added to the jury verdict of $82,500 awarded to the plaintiff, Paul D. Wasserott Jr.

(2) The sum of $107,962.66 shall be added to the jury verdict of $86,250 awarded to the plaintiffs, William J. Guyette and Ruth A. Guyette; and

(3) The prothonotary of Luzerne County is directed to notify all counsel of record pursuant to Pa.R.C.P. 236.